FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDI GARRIS; et al., | No.    18-56574 |
| Plaintiffs-Appellants, | D.C. No.<br>2:17-cv-01452-MWF-E |
| v. | |
| CITY OF LOS ANGELES; LOS ANGELES HOUSING AND COMMUNITY INVESTMENT DEPARTMENT, FKA Los Angeles Housing Department, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 2, 2020
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[**] District Judge.

The putative class action complaint in this case against the City of Los

Angeles and the Los Angeles Housing and Community Investment Department

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

(collectively, "the City"), alleges that a housing inspection ordinance ("the Ordinance") facially violates the Fourth Amendment. The complaint seeks a declaratory judgment that the Ordinance is unconstitutional, an injunction against its enforcement, and restitution of fees and fines paid under the Ordinance. At the outset of the litigation, the district court dismissed the restitution claims with prejudice, without addressing the futility of amending the complaint. After the City amended the Ordinance, the parties stipulated to dismissal of the remaining injunctive and declaratory claims. Before the district court entered a final judgment, the plaintiffs moved for reconsideration of the district court's order dismissing their restitution claims and sought leave to file a first amended complaint. The district court denied the motions and entered a final judgment in favor of the City. We have jurisdiction of the plaintiffs' appeal from that judgment under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

1.      The district court did not err in dismissing the restitution claims, which were based on plaintiffs' facial attack on the Ordinance. Although the Ordinance allows entry into a residence without a warrant with consent or upon exigent circumstances, it stresses that in all cases the City must "secure lawful entry . . . , including but not limited to securing an inspection warrant pursuant to California Code of Civil Procedure Sections 1822.50 through 1822.57." L.A., Cal., Mun. Code ch. XVI., art. 1, div. 6, § 161.601 (2000). Because entry upon obtaining a valid

2

administrative warrant would not violate the Fourth Amendment, the Ordinance is not facially invalid, as it is not "unconstitutional in all applications." *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2450-51 (2015).[1] Nor do any provisions of the Ordinance establish an administrative scheme authorizing systemic searches for evidence of crimes in violation of the Fourth Amendment. *See United States v. Bulacan*, 156 F.3d 963, 967 (9th Cir. 1998). The Ordinance gives no indication that the law enforcement powers it gives inspectors permit such inspectors to hunt for evidence of general criminal wrongdoing. Amendment of the complaint to reassert a facial challenge to the Ordinance would therefore be futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

2.　　The plaintiffs argue on appeal that they should have been granted leave to amend to raise an as-applied challenge to the Ordinance. In dismissing the restitution claims without leave to amend, the district court did not consider whether any amendment would be futile. Although amendment to seek restitution for annual fees—which all tenants must pay regardless of whether their residences are searched—would be futile, we cannot conclude that a plaintiff who underwent an unconstitutional search of his apartment could not assert a claim for restitution for

---

[1]　　*Patel*, which allowed a facial challenge to an ordinance involving inspection of hotel records, is not to the contrary. Although those enforcing the ordinance at issue in *Patel* were not precluded by the enactment from seeking warrants, the ordinance made no provision for warrants, instead requiring hotel operators to allow inspections of guest records under any circumstances. *See* 135 S. Ct. at 2448, 2451.

any fines imposed in connection with that search, nor can we conclude that there is no possibility of a claim for damages if the plaintiff objected to an inspection and yet the inspection proceeded without a warrant. Because amendment must be allowed with "extreme liberality" under Federal Rule of Civil Procedure 15(a), *see id.* at 1051 (citation omitted), we remand to allow plaintiffs to propose a complaint raising an as-applied challenge to the Ordinance. We express no opinion as to the merits of such a challenge.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**
**Each party to bear its own costs.**